UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTINE KRAWCZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2285-KHV |
| | ) |
| DANIEL KLOSTER, et al., | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

This is a medical-malpractice action arising from treatment plaintiff received from defendant Daniel Kloster, M.D., involving the implantation of an intrathecal pain pump manufactured by defendant Flowonix Medical, Inc. Plaintiff has filed a motion (ECF No. 29) to amend her complaint to add a claim for punitive damages against defendant Kloster. Defendant Kloster opposes the motion. For the reasons discussed below, the court grants the motion to amend.

Fed. R. Civ. P. 15(a)(2) provides that, after a certain point, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the court ought to "freely give leave when justice so requires." Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate … to be heeded."[1] "A district court should

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[2]

Specifically, plaintiff seeks to amend her complaint by adding the following allegations:

> Defendant Kloster engaged in reckless and wanton conduct in the following respects:
> a. Promoted the use of a pain pump as opposed to a spinal cord stimulator or dorsal ganglion stimulator as recommended by the Mayo Clinic and requested by the Plaintiff.
> b. Failed to disclose the fact that he was a paid consultant for the Defendant Flowonix. Manufacturer of the Flowonix Prometra II pain pump Defendant Kloster wanted to implant. Back implantation takes less time than the abdominal approach. Furthermore, Plaintiff's small frame was contraindicated for the back implantation.
> c. Failed to advise Plaintiff of the abdominal approach for implantation as opposed to the rear approach in her back.
> d. While performing the procedure to the address the cerebral spinal fluid leak, Defendant Kloster ignored the severe symptoms of Plaintiff that indicated a potential nerve injury and continued to administer an additional 5cc of blood.
> e. Ignored symptoms of a cerebral spinal fluid leak which is a known risk of the implantation procedure and instead referred her to see a psychiatrist
>
> The above acts by Defendant Kloster constitute wanton and reckless conduct with a reckless disregard for consequences of his actions that placed Plaintiff in eminent danger of injury.[3]

---

[2] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[3] ECF No. 29. at 1-2.

Defendant Kloster only argues permitting the amended pleading would be futile, implicitly conceding none of the other above-identified amendment concerns apply. "A proposed amendment is futile if the amended complaint would be subject to dismissal."[4] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented "enough facts to state a claim to relief that is plausible on its face."[7] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[8] The court does not consider documents or matters outside the

---

[4] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[5] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Little*, 548 F. App'x at 515 (quoting *Twombly*, 550 U.S. at 570).

[8] *Twombly*, 550 U.S. at 555.

pleadings in making this determination.[9]  "The party opposing the proposed amendment bears the burden of establishing its futility."[10]

Defendant Kloster premises his futility argument on his contention that he acted within the applicable standard of care during his treatment of plaintiff.  But this contention—in support of which defendant refers to matters outside the pleadings (i.e., an attached affidavit, anticipated expert testimony, and medical records)—fails to demonstrate the claims against defendant are frivolous on their face.  This is not the stage to weigh potential evidence.  Because plaintiff's amendment doesn't appear clearly frivolous, the court will exercise its discretion and grant plaintiff leave to file the proposed amended complaint.  Defendant may re-assert his arguments in a dispositive motion filed for decision by the presiding U.S. District Judge, Kathryn H. Vratil.

IT IS THEREFORE ORDERED that plaintiff's motion to amend (ECF No. 29) is granted.  Plaintiff shall file her amended complaint as a separate docket entry forthwith by **January 14, 2022**.

Dated January 11, 2022, at Kansas City, Kansas.

    s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

---

[9] *Brokers' Choice of Amer., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017).

[10] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).